UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MCCT, Inc.,
    Plaintiff,

v.

B.F. CASSIN INSURANCE AGENCY, INC., B. BRADLEY CASSIN and DANIEL CASSIN, Individually, B. BRADLEY CASSIN and DANIEL CASSIN, d/b/a CASSIN INSURANCE & FINANCIAL SERVICES and ONEBEACON INSURANCE GROUP LLC,
    Defendants.

CIVIL ACTION
NO. 04-cv-12115-PBS

## ONEBEACON INSURANCE GROUP LLC'S ANSWER AND DEMAND FOR JURY TRIAL

1.    OneBeacon Insurance Group, LLC (hereinafter "OneBeacon") admits the allegations contained in paragraph 1 of the Complaint.

2.    OneBeacon admits the allegations contained in paragraph 2 of the Complaint.

3.    OneBeacon admits that B. Bradley Cassin is a resident of the Commonwealth of Massachusetts with a residential address at 17 Castle Hill Drive, Westfield, Massachusetts but is without sufficient knowledge to either admit or deny the other allegations contained in paragraph 3 of the Complaint.

4. OneBeacon admits that Daniel Cassin is a resident of the State of Connecticut with a business address at 998 Farmington Avenue, Suite 118-L, West Hartford, Connecticut but is without sufficient knowledge to either admit or deny the other allegations contained in paragraph 4 of the Complaint.

5. OneBeacon admits it is a Delaware corporation with a principal place of business at One Beacon Street, Boston, Massachusetts 02180 and denies the further allegations contained in paragraph 5 of the Complaint.

6. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6 of the Complaint.

7. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 7 of the Complaint.

8. No answer is required by this answering defendant as the demand made in paragraph 8 of the Complaint speaks for itself.

9. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 9 of the Complaint.

10. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 10 of the Complaint.

11. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 11 of the Complaint.

12. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 12 of the Complaint.

13. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 13 of the Complaint.

14. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 14 of the Complaint.

15. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 15 of the Complaint.

16. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 16 of the Complaint.

17. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 17 of the Complaint.

18. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 18 of the Complaint.

19. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 19 of the Complaint.

20. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 20 of the Complaint.

21. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 21 of the Complaint.

22. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 22 of the Complaint.

23. OneBeacon is without sufficient knowledge to either admit or deny the

allegations contained in paragraph 23 of the Complaint.

24. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 24 of the Complaint.

25. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 25 of the Complaint.

26. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 26 of the Complaint.

27. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 27 of the Complaint.

28. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 28 of the Complaint.

29. OneBeacon denies the allegations contained in paragraph 29 of the Complaint.

## COUNT I

30. OneBeacon denies the allegations contained in paragraph 30 of the Complaint to the extent it alleges that OneBeacon owed a duty to MCCT. OneBeacon is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 30 of the Complaint.

31. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 31 of the Complaint.

32. OneBeacon denies the allegations contained in paragraph 32 of the

Complaint to the extent it alleges that OneBeacon breached a duty owed to MCCT. OneBeacon is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 32 of the Complaint.

33. OneBeacon denies the allegations contained in paragraph 33 of the Complaint.

34. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 34 of the Complaint.

35. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 35 of the Complaint.

36. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 36 of the Complaint.

37. OneBeacon denies the allegations contained in paragraph 37 of the Complaint.

## COUNT II

38. OneBeacon repeats and incorporates by reference herein its answers to paragraphs 1 through 37 of the Complaint.

39. OneBeacon denies the allegations contained in paragraph 39 of the Complaint to the extent it alleges that OneBeacon breached any contract with MCCT. OneBeacon is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 39 of the Complaint.

40. OneBeacon denies the allegations contained in paragraph 40 of the

Complaint.

41. OneBeacon denies the allegations contained in paragraph 41 of the Complaint.

42. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 42 of the Complaint.

## COUNT III

43. OneBeacon repeats and incorporates by reference herein its answers to paragraphs 1 through 42 of the Complaint.

44. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 44 of the Complaint.

45. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 45 of the Complaint.

46. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 46 of the Complaint.

47. OneBeacon denies the allegations contained in paragraph 47 of the Complaint to the extent it alleges that Cassin Insurance was an agent of OneBeacon and that the actions or failure to act of D. Cassin or Cassin Insurance are chargeable to OneBeacon. OneBeacon is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 47 of the Complaint.

## COUNT IV

48. OneBeacon repeats and incorporates by reference herein its answers to

paragraphs 1 through 47 of the Complaint.

49.   OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 49 of the Complaint.

50.   OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 50 of the Complaint.

51.   OneBeacon denies the allegations contained in paragraph 51 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on behalf of the plaintiff against OneBeacon upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The injury or damage complained of on behalf of the plaintiff against OneBeacon was caused in whole or in part or was contributed to by the negligence, act or failure to act of the plaintiff and such negligence, act or failure to act is a bar to plaintiff's recovery as it exceeded any negligence, act or failure to act on the part of OneBeacon or the plaintiff's claimed damage must be reduced, all as is provided by G.L. c. 231, Section 85.

## THIRD AFFIRMATIVE DEFENSE

The injury or damage complained of on behalf of the plaintiff against OneBeacon was caused in whole or in part by the negligence, act or failure to act of some other person for whose conduct OneBeacon was not and is not legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

Any claim of the plaintiff against OneBeacon is barred by the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because any claim of the plaintiff is barred by the statute of frauds.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the plaintiff has failed to plead that plaintiff has performed all conditions precedent to entitle plaintiff to assert an actionable cause of action.

## SEVENTH AFFIRMATIVE DEFENSE

Any transactions involving the plaintiff as alleged in the Complaint which allegedly caused plaintiff's damages are exempted from the provisions of G.L. c. 93A, §11 because they did not occur primarily in Massachusetts.

## EIGHTH AFFIRMATIVE DEFENSE

The action of the plaintiff is barred or the plaintiff's damages must be reduced as a result of the plaintiff's failure to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

Any pre-judgment and/or post-judgment interest which may be awarded plaintiff imposes upon OneBeacon cruel and unusual punishment, deprives OneBeacon of its property without due process of law, and violates OneBeacon's right to equal protection

of law in violation of the Constitutions of the United States and the Commonwealth of Massachusetts to the extent the rate of interest unreasonably penalizes OneBeacon for exercising its right to pursue legal appeals.

WHEREFORE, OneBeacon demands that the Complaint be dismissed as to OneBeacon with costs.

OneBeacon DEMANDS A TRIAL BY JURY.

OneBeacon<br>
by its attorneys,<br>
GRIFFIN & GOULKA<br>
<br>
/s/ J. Kenneth Griffin<br>
J. Kenneth Griffin<br>
477 Main Street<br>
Stoneham, MA 02180<br>
(781) 279-9858<br>
BBO # 211560

## CERTIFICATE OF SERVICE

I, J. Kenneth Griffin, hereby certify that a true copy of this document was served upon the attorney of record for each party by first-class mail, postage prepaid, on November 30, 2004, as follows:

Daniel A. Laufer, Esquire
21 Harbor View Avenue
Bristol, Rhode Island 02809

Edgar D. McKean, Esquire
P.O. Box 7386
Gilford, New Hampshire 03247-7386

/s/ J. Kenneth Griffin
J. Kenneth Griffin