UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MCCT, INC.,<br>　　　Plaintiff<br><br>v.<br><br>B.F. CASSIN INSURANCE AGENCY,<br>INC., B. BRADLEY CASSIN and DANIEL<br>CASSIN, INDIVIDUALLY,<br>B. BRADLEY CASSIN and DANIEL<br>CASSIN d/b/a CASSIN INSURANCE<br>& FINANCIAL SERVICES, and<br>ONEBEACON INSURANCE GROUP,<br>LLC,<br>　　　Defendants | DOCKET NO: 04CV12115PBS |

**ANSWER AND JURY TRIAL DEMAND OF
DEFENDANTS, B.F. CASSIN INSURANCE AGENCY, INC., B. BRADLEY
CASSIN, INDIVIDUALLY, AND B. BRADLEY CASSIN D/B/A
CASSIN INSURANCE & FINANCIAL SERVICES,
TO PLAINTIFF'S COMPLAINT**

FIRST DEFENSE

The plaintiff's Complaint fails to state claims against B.F. Cassin Insurance Agency, Inc., B. Bradley Cassin, Individually, and B. Bradley Cassin d/b/a Cassin Insurance & Financial Services (collectively hereinafter "B. Cassin") upon which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

SECOND DEFENSE

B. Cassin hereby respond to the separately-numbered paragraphs of plaintiff's Complaint as follows:

Parties

1. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph as it relates to MCCT being a New Hampshire corporation. B. Cassin admit that the address set forth in this paragraph is a mailing address for MCCT.

2. B. Cassin admit B.F. Cassin Insurance Agency, Inc. is a Massachusetts corporation, but state that its principal place of business presently is 104 Elm Street, Westfield, Massachusetts.

3. B. Cassin admit the allegations set forth in the first sentence of this paragraph. B. Cassin deny the remaining allegations set forth in this paragraph.

4. B. Cassin admit the allegations set forth in the first sentence of this paragraph. B. Cassin deny the remaining allegations set forth in this paragraph.

5. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegation that OneBeacon Insurance Group LLC is a Delaware corporation, but admit that its principal place of business is One Beacon Street, Boston, MA. B. Cassin admit the remaining allegations set forth in this paragraph.

Jurisdiction and Venue

6. The allegations in this paragraph call for a conclusion of law and, as such, no response is required.

7. The allegations in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin admit that B. Cassin was and is a resident and/or had/has a principal place of

949949v1

business in Massachusetts, are without knowledge or information sufficient to form a belief as to the truth of the allegations relative to MCCT and OneBeacon, admit that D. Cassin presently resides in Connecticut, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

Demand for Trial by Jury

8. This paragraph does not allege facts, but rather sets forth plaintiff's demand for a jury trial and, as such, no response is required.

Factual Allegations

9. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph relating to MCCT's corporate structure. B. Cassin admit that MCCT is engaged in the business of supplying computer software and hardware for telephone switching services. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of this paragraph relating to the date of MCCT's inception. B. Cassin admit that in or about 1998 to 2003, MCCT obtained insurance coverage through B.F. Cassin Insurance Agency, Inc.. B. Cassin deny that MCCT obtained insurance coverage through B.F. Cassin Insurance Agency, Inc. in 2004. As to the third sentence of this paragraph, B. Cassin only admit that MCCT dealt directly and primarily exclusively with D. Cassin, who was an independent contractor, and that D. Cassin, as an independent contractor, dealt with MCCT relative to MCCT's obtaining insurance coverage through B.F. Cassin Insurance Agency, Inc., but B.

Cassin deny that they were and are responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Complaint.

10. B. Cassin admit that in 1998, MCCT dealt directly and primarily exclusively with D. Cassin, who was an independent contractor, and that D. Cassin, as an independent contractor, dealt with MCCT relative to MCCT's obtaining insurance coverage through B.F. Cassin Insurance Agency, Inc., which was an authorized agent of Commercial Union Insurance Company (OneBeacon). B. Cassin deny that D. Cassin was an "agent" of Commercial Union or that he "acquired" the insurance. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence in this paragraph as to what MCCT relied upon. In further answering, B. Cassin state that MCCT communicated with D. Cassin directly and exclusively as to the types of coverages that were available and/or that it desired. B. Cassin deny that they [B.F. Cassin Insurance Agency, Inc., B. Bradley Cassin, individually, and Cassin Insurance & Financial Services] held themselves out as experts, and deny having personal knowledge as to what D. Cassin may have told MCCT as to his own "expertise" and "advice."

11. Upon information and belief, B. Cassin admit the allegations contained in the first sentence of this paragraph. As to the second sentence in this paragraph, the lawsuit is a document which speaks for itself and, as such, no response is required. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

Case 1:04-cv-12115-PBS    Document 8    Filed 12/14/2004    Page 5 of 13

12. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

13. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

14. B. Cassin are of the belief that Commercial Union did not issue an errors and omission policy to MCCT for a period of at least one year and, therefore, did not discontinue such a policy after the first year, but are without knowledge or information sufficient enough to form a firm belief as to the truth of the allegations set forth in this paragraph.

15. B. Cassin deny the allegations set forth in this paragraph insofar as B. Cassin were never asked or instructed by MCCT or D. Cassin to secure errors and omissions insurance coverage for MCCT.  MCCT communicated with D. Cassin directly and exclusively as to the types of coverages that were available and/or that it desired.

16. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

17. B. Cassin deny the allegations set forth in this paragraph insofar as any such correspondence, if sent, were sent directly to D. Cassin.

18. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and third sentences in this paragraph.  B. Cassin deny the allegations set forth in the second sentence of this paragraph insofar as any such pleading and request for instructions, if sent, were sent directly to D. Cassin.

5
949949v1

19. The October 25, 2002 facsimile transmission and enclosed letter are written instruments which speak for themselves and, as such, no response is required. To the extent a response is deemed required, B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

20. The allegations set forth in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

21. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

22. The May 22, 2003 letter is a written instrument which speaks for itself and, as such, no response is required. Moreover, whether the letter is a forgery calls for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

23. The May 30, 2003 letter is a written instrument which speaks for itself and, as such, no response is required. Moreover, whether the letter is a forgery calls for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

24. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph

949949v1

25. The photocopied check is a written instrument which speaks for itself and, as such, no response is required. Moreover, whether the check is a forgery calls for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

26. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

27. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

28. B. Cassin deny the allegations set forth in this paragraph.

29. B. Cassin deny the allegations set forth in the first sentence of this paragraph. As to the second sentence of this paragraph, B. Cassin only admit that B.F. Cassin Insurance Agency, Inc., was an authorized agent of OneBeacon and deny the remaining allegations.

## COUNT ONE - NEGLIGENCE

30. The allegations in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin state that they [B.F. Cassin Insurance Agency, Inc., B. Bradley Cassin, individually, and Cassin Insurance & Financial Services] were never asked or instructed by MCCT or D. Cassin to secure errors and omissions insurance coverage for MCCT. MCCT communicated with D. Cassin directly and exclusively as to the types of coverages that were available and/or that it desired.

31. B. Cassin are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

32. B. Cassin deny the allegations set forth in this paragraph.

33. B. Cassin deny the allegations set forth in this paragraph.

34. B. Cassin deny that they were and are responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Complaint.

35. B. Cassin deny the allegations set forth in this paragraph.

36. B. Cassin deny the allegations set forth in this paragraph.

37. The allegations in this paragraph are directed to OneBeacon and otherwise call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin deny that they were and are responsible for the damages alleged in the plaintiff's Complaint.

WHEREFORE, B. Cassin respectfully request that this Court enter judgment in favor of B. Cassin on Count I of the plaintiff's Complaint, and award B. Cassin their costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

## COUNT II – BREACH OF CONTRACT

38. B. Cassin repeat and reallege their responses to the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. B. Cassin deny the allegations set forth in this paragraph.

40. B. Cassin deny the allegations set forth in this paragraph.

41. B. Cassin deny the allegations set forth in this paragraph.

42. B. Cassin deny the allegations set forth in this paragraph.

WHEREFORE, B. Cassin respectfully request that this Court enter judgment in favor of B. Cassin on Count II of the plaintiff's Complaint, and award B. Cassin their costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

## COUNT III – FRAUD AND DECEIT

43. B. Cassin repeat and reallege their responses to the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

44. The allegations in this paragraph are directed to D. Cassin and otherwise call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin deny that they were and are responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Complaint.

45. The allegations in this paragraph are directed to D. Cassin and otherwise call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin deny that they were and are responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Complaint.

46. The allegations in this paragraph are directed to D. Cassin and otherwise call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin deny that they were and are responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Complaint.

47. B. Cassin deny the allegations set forth in this paragraph.

WHEREFORE, B. Cassin respectfully request that this Court enter judgment in favor of B. Cassin on Count III of the plaintiff's Complaint, and award B. Cassin their costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

### COUNT IV – M.G.L. c. 93A

48. B. Cassin repeat and reallege their responses to the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

49. The allegations in this paragraph are directed to D. Cassin and otherwise call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin deny that they were and are responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Complaint.

50. B. Cassin deny the allegations set forth in this paragraph.

51. The allegations in this paragraph are directed to OneBeacon and otherwise call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B. Cassin deny that they were and are responsible for the damages alleged in the plaintiff's Complaint.

WHEREFORE, B. Cassin respectfully request that this Court enter judgment in favor of B. Cassin on Count III of the plaintiff's Complaint, and award B. Cassin their costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

### THIRD DEFENSE

The negligence of the plaintiff was greater than the alleged negligence of B. Cassin and such negligence of the plaintiff contributed to its alleged damages and, therefore, the plaintiff is barred from recovery under M.G.L. c. 231, §85.

949949v1

## FOURTH DEFENSE

The plaintiff was guilty of contributory negligence and the damages, if any, recovered by the plaintiff from B. Cassin should be reduced in proportion to the said negligence of plaintiff in accordance with M.G.L. c. 231, §85.

## FIFTH DEFENSE

The plaintiff, by its own conduct and actions, is estopped to recover any judgment against B. Cassin.

## SIXTH DEFENSE

The plaintiff, by its own conduct and actions, has waived any and all rights it may have had against B. Cassin, and, therefore, the plaintiff cannot recover in this action.

## SEVENTH DEFENSE

If the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct B. Cassin were not and are not legally responsible.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TENTH DEFENSE

The plaintiff's claims fail because no act or omission by B. Cassin was a proximate cause of any damages allegedly sustained by the plaintiff.

949949v1

## ELEVENTH DEFENSE

The plaintiff cannot recover in this action because it ratified and confirmed in all respects B. Cassin's actions and conduct.

## TWELFTH DEFENSE

The plaintiff cannot recover in this action because any duties B. Cassin owed to the plaintiff were performed fully and properly.

## THIRTEENTH DEFENSE

The plaintiff is not entitled to recovery against B. Cassin under M.G.L. c.93A, and thus the plaintiff's Complaint should be dismissed.

## FOURTEENTH DEFENSE

The plaintiff is barred from recovery, or any alleged damages must be reduced, on account of plaintiff's failure to mitigate its alleged damages.

## FIFTEENTH DEFENSE

The plaintiff Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(8) for misnomer of a party insofar as the named entity "B. Bradley Cassin d/b/a Cassin Insurance & Financial Service" does not exist, but rather, Cassin Insurance & Financial Service is a trade name for B.F. Cassin Insurance Agency, Inc..

WHEREFORE, B. Cassin respectfully request that this Court enter judgment in favor of B. Cassin on all Counts of the plaintiff's Complaint, and award B. Cassin their costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

949949v1

<u>JURY TRIAL DEMAND</u>

B.F. Cassin Insurance Agency, Inc., B. Bradley Cassin, individually, and Cassin Insurance & Financial Services, demand a trial by jury as to all issues to which they are entitled as a matter of right.

>
> Respectfully submitted by,
>
> B.F. CASSIN INSURANCE AGENCY, INC.,
> B. BRADLY CASSIN, INDIVIDUALLY, and
> CASSIN INSURANCE & FINANCIAL
> SERVICES,
> By their Attorneys,
>
>
> /s/elanders
> Edwin F. Landers, Jr., BBO#559360
> Scott A. Bell, BBO#628944
> MORRISON MAHONEY LLP
> 250 Summer Street
> Boston, MA  02210
> (617) 439-7500

949949v1