UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MCCT, Inc., <br>     Plaintiff <br><br> v. <br><br> B.F. Cassin Insurance Agency, Inc. <br> B. Bradley Cassin and Daniel Cassin, <br> Individually, B. Bradley Cassin and Daniel <br> Cassin, d/b/a Cassin Insurance & Financial <br> Services and OneBeacon Insurance <br> Group LLC <br>     Defendants | Docket No. 04cv12115 PBS |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DANIEL CASSIN INDIVIDUALLY AND FOR A HEARING TO ASSESS DAMAGES

NOW COMES the plaintiff, MCCT, Inc. (hereinafter "MCCT") and moves this court for an order entering a final default judgment as to liability against defendant Daniel Cassin ("D. Cassin"). In support of this motion, MCCT states the following:

1. The complaint herein was filed on October 6, 2004.

2. As set forth in the attached affidavit, the undersigned Daniel A. Laufer, Esquire, counsel for MCCT contacted all of the defendants or their counsel prior to attempting service by a sheiff to see if the defendants would accept service in accordance with the Federal Rules of Civil Procedure. None of the defendants accepted service.

3. The undersigned contacted counsel in Connecticut who had represented D. Cassin in negotiations last year to settle this matter. The Connecticut counsel contacted D. Cassin and reported back to counsel for MCCT that D. Cassin was seeking other counsel to represent him in this action.

4.   D.Cassin called counsel for MCCT on at least four occasions and requested hat he not be served with the summons and complaint until he had hired new counsel. When counsel for MCCT did not hear from D. Cassin for a period of several weeks, he arranged for D. Cassin to be served by a sheriff at his residence in Plainville, Connecticut.

5.   Service was made by the sheriff on D. Cassin on December 7, 2004 and proof of service was filed with this court on December 15, 2004. A responsive pleading was due from D. Cassin on December 27, 2004.

6.   As of this date, counsel for MCCT has not received anything from D. Cassin nor has anything been filed with the court.

7.   Pursuant to Rule 55 of the Federal Rules of Civil Procedure, MCCT seeks a default judgment from the court and a hearing to assess damages.

WHEREFORE, MCCT prays this Court:

A.   Enter a default judgment on liability against Daniel Cassin;

B.   Set a hearing for the assessment of monetary damages;

C.   Enter a final monetary judgment against Daniel Cassin; and

D.   Award such other and further relief as may be just.

                              Respectfully submitted,
                              MCCT, Inc.
                              By its attorney,

                              _____
                              Daniel A. Laufer, Esquire
                              B.B.O. 557633
                              21 Harbor View Avenue
                              Bristol, RI 02809
                              (401) 254-9659

## CERTIFICATE OF SERVICE

    I hereby certify that I mailed a of the foregoing Motion for Entry of Default Judgment Against Daniel Cassin Individually and for a Hearing to Assess Damages to Edwin F. Landers, Jr., Esquire, 250 Summer Street, Boston, MA 02110, J. Kenneth Griffin, Esquire, 477 Main Street, Stoneham, MA 02180 and Daniel Cassin, 138 Shuttlemeadow Road, Plainville, CT 06062 on the 7th day of January 2005 by first class U.S. Mail postage prepaid.

_____
Daniel A. Laufer

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MCCT, Inc.,<br>　　　　Plaintiff<br><br>v.<br><br>B.F. Cassin Insurance Agency, Inc.<br>B. Bradley Cassin and Daniel Cassin,<br>Individually, B. Bradley Cassin and Daniel<br>Cassin, d/b/a Cassin Insurance & Financial<br>Services and OneBeacon Insurance<br>Group LLC<br>　　　　Defendants | Docket No. 04-12115-PBS |

## AFFIDAVIT OF DANIEL A LAUFER, ESQUIRE

Daniel A. Laufer, Esquire, being first duly sworn, upon oath, deposes and states as follows:

1. I am counsel of record for the plaintiff MCCT, Inc. ("MCCT").

2. I filed the complaint herein on October 6, 2004.

3. I contacted each of the defendants or their counsel immediately after filing the complaint and inquired if they would accept service of the summons and complaint herein. None of them chose to accept service.

4. I contacted Peter Van Dyke, Esquire of Stanger & Arnold, a firm located in West Hartford, Connecticut, and asked if Mr. Van Dyke would accept service of the summons and complaint. Mr. Van Dyke had represented defendant Daniel Cassin ("D. Cassin") in negotiations to resolve this case before suit was initiated.

5. Mr. Van Dyke called me back and explained that he would not be representing D. Cassin herein, but that Mr. Cassin would contact me regarding acceptance of service.

6. On at least four occasions after my conversations with Mr. Van Dyke, D. Cassin called me and told me he was hiring counsel and asked me not to serve him until he had counsel to represent him.

7. When I did not hear from D. Cassin or anyone representing him for a period of several weeks, I arranged to have D. Cassin served by a sheriff at 138 Shuttlemeadow Road, Plainville, Connecticut where D. Cassin resides.

8. D. Cassin was served on December 7, 2004. A responsive pleading was due to be filed no later than December 27, 2004.

9. As of the date hereof, I have not received anything from D. Cassin, nor has anything been filed by him with the court.

10. Today I mailed a copy of the Motion for Entry of Default Judgment Against Daniel Cassin Individually and for a Hearing to Assess Damages to Daniel Cassin at 138 Shuttlemeadow Road, Plainville, Connecticut 06062 by regular mail and certified mail, return receipt requested. That is the address where he was served by the sheriff with the summons and complaint herein.

Further deponent sayeth not.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

Dated: January 7, 2005                         _____
                                                Daniel A. Laufer, Esquire

2