UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MCCT, Inc.,<br>   Plaintiff<br><br>v.<br><br>B.F. Cassin Insurance Agency, Inc.,<br>Daniel Cassin, Individually and<br>OneBeacon America Insurance Company<br>f/k/a Commercial Union Insurance<br>Company,<br>   Defendants | Docket No. No. 04-cv-12115-PBS |

## AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES the plaintiff, MCCT, Inc. (hereinafter "MCCT") and complains against the defendants as follows:

### PARTIES

1. MCCT is a New Hampshire corporation with a principal place of business at 550 Route 106, Belmont, New Hampshire 03220.

2. B.F. Cassin Insurance Agency, Inc. (hereinafter "Cassin Insurance") is a Massachusetts corporation with a principal place of business at 75 Broad Street, Westfield, Massachusetts 01805.

3. Daniel Cassin (hereinafter "D. Cassin") is a resident of the State of Connecticut with a business address of 998 Farmington Avenue, Suite 118-L, West Hartford, Connecticut 06107. He is, or was, an employee/agent of Cassin Insurance at all times relevant hereto.

4. OneBeacon America Insurance Company, f/k/a Commercial Union Insurance Company, (hereinafter "OneBeacon") is a Massachusetts corporation with a principal place of business at One Beacon Street, Boston, Massachusetts 02108. .

## JURISDICTION AND VENUE

5. This court has jurisdiction over the subject matter and all of the claims set forth herein pursuant to 28 U.S.C. Sec. 1332 (a) (1) because the matter in controversy exceeds the sum of Seventy Five thousand Dollars ($75,000.00) exclusive of interest and costs and there is complete diversity of citizenship between the plaintiff and all of the defendants.

6. At all relevant times hereto, MCCT was, and still is, a resident of the State of New Hampshire and each of the defendants was a resident of the Commonwealth of Massachusetts and each still is with the exception of D. Cassin, who moved to the State of Connecticut. In addition, the insurance policies in issue were all written and issued in the Commonwealth of Massachusetts and the acts complained of occurred almost exclusively in the Commonwealth of Massachusetts. Therefore, this court is the proper venue for this action.

## DEMAND FOR TRIAL BY JURY

7. MCCT demands a trial by jury.

## **FACTUAL ALLEGATIONS**

8.  MCCT is a small, closely-held corporation engaged in the business of supplying computer software and hardware for telephone switching services. From its inception in the late 1990's until 2004, MCCT obtained insurance coverage through Cassin Insurance. MCCT dealt primarily with D. Cassin, the authorized employee/agent of Cassin Insurance.

9.  In 1998, or shortly before then, D. Cassin, as the authorized employe/agent of Commercial Union Insurance Company (now known as OneBeacon), acquired insurance coverage for MCCT under a comprehensive general liability policy issued by Commercial Union. At all times material hereto, MCCT relied upon the expertise and advice of D. Cassin and Cassin Insurance to advise it as to the types of insurance coverage it required to remain adequately insured.

10. In 1998, MCCT was sued by Legacy Creative Ventures, a customer to whom it had sold computer software and hardware. The lawsuit alleged breach of contract, misrepresentation, breach of implied warranty, defective products, bad faith and fraudulent conduct. Commercial Union Insurance Company appeared and defended the action under a reservation of rights letter. It ultimately paid the claim and the costs of defense.

11. Following the conclusion of the lawsuit brought by Legacy Creative Ventures, Elwin Macomber (hereinafter "Macomber"), the president of MCCT, met with D. Cassin to discuss the need for insurance coverage for the type of lawsuit brought by Legacy

Creative Ventures so as to eliminate any question of coverage of the type generated by the reservation of rights letter issued by Commercial Union Insurance Company.

12. D. Cassin assured MCCT that he could acquire errors and omissions insurance coverage for the installation of computer hardware and software that would cover claims by MCCT customers for defective performance of MCCT software and/or hardware.

13. Upon information and belief, MCCT avers that Commercial Union Insurance Company issued an errors and omission policy to MCCT of the type requested by Macomber for a period of at least one year following Macomber's discussion with D. Cassin described above. The coverage was discontinued after the first year.

14. Neither D. Cassin nor Cassin Insurance ever notified MCCT that errors and omissions insurance coverage had either not been secured or had been discontinued after the first year for claims by MCCT customers for defective performance of MCCT software and/or hardware.

15. In 2001, MCCT sold computer software and hardware equipment to a California company called Boulevard Entertainment (hereinafter "Boulevard").

16. A dispute arose between MCCT and Boulevard regarding the performance of the software and hardware equipment and representations made by MCCT during the contract negotiations. This dispute could not be resolved and Boulevard retained counsel in California and threatened to file suit.

17. MCCT, through its New Hampshire counsel, immediately forwarded copies of all correspondence from Boulevard's attorneys to Cassin Insurance at 75 Broad Street, Westfield, Massachusetts.

18. On or about September 25, 2002, Boulevard filed suit against MCCT in Superior Court in Los Angeles County, California. The complaint was immediately forwarded by MCCT to Cassin Insurance with a request for instructions. In the interim, MCCT retained the law firm of Payne & Fears, LLP (hereinafter "Payne & Fears") in Los Angeles to appear and defend the Boulevard lawsuit.

19. On October 25, 2002, D. Cassin sent a fax transmission to MCCT's New Hampshire counsel enclosing a letter purportedly signed by William Branch, Senior Claims Representative of OneBeacon, authorizing defense costs up to a maximum of $75,000.00 but reserving the company's rights under the policy. The letter identified a specific insurance policy by number and indicated that there was coverage for the claim.

20. The letter purportedly signed by William Branch was a forgery created by D. Cassin who had made up a fictitious claim number and forged the signature of William Branch.

21. Based upon the fraudulent document of claims coverage created by D. Cassin, the law firm of Payne & Fears actively defended the claims brought against MCCT by Boulevard. The firm generated substantial legal firms in defending MCCT.

22. On May 22, 2003, D. Cassin forwarded to Attorney Benjamin Nix of Payne & Fears a letter from James L. Compton, Senior Claims Manager of OneBeacon. The letter authorized defense costs of $75,000.00. The letter was also a forgery created by D. Cassin.

23. On May 30, 2003, D. Cassin forwarded to Attorney Nix a second letter from Mr. Compton of OneBeacon authorizing a contribution towards settlement of the Boulevard

lawsuit the sum of $50,000.00. This letter was an additional forgery created by D. Cassin.

24. In reliance upon the forged letters prepared by D. Cassin, MCCT agreed to a settlement amount of $70,000.00 to be paid to Boulevard in four installments beginning with a payment of $25,000.00 upon the filing of docket markings in the Los Angeles Superior Court case. MCCT paid the initial installment of $25,000.00 on the settlement.

25. On June 4, 2003, D. Cassin forwarded to Attorney Nix a photocopy of a check purportedly drawn on the account of OneBeacon in the amount of $57,486.92 representing payment of a prior invoice from Payne & Fears for legal fees incurred in defense of MCCT. D. Cassin also represented to Attorney Nix that the check had been mailed from OneBeacon's offices in Massachusetts. The photocopied check was a forgery created by D. Cassin.

26. When the check failed to arrive at the offices of Payne & Fears, Attorney Nix communicated directly with OneBeacon and discovered that there was no insurance coverage for the claim, that no claim had ever been submitted, that no defense had ever been authorized and that no settlement funds would be forthcoming from OneBeacon.

27. MCCT has paid the entire judgment in the Boulevard lawsuit and has incurred additional legal fees in defending additional litigation initiated by Boulevard when the first judgment was not paid. The entire legal bill generated by Payne & Fears in defense in MCCT is likewise unpaid and is in excess of $100,000.00. MCCT is obligated to pay that bill as well.

28. As a direct result of the actions of D. Cassin and Cassin Insurance, MCCT, for a period of time, was unable to secure insurance from any other company, and as a result

6

has been unable to bid on several contracts resulting in the loss of substantial business in excess of $1 million.

29.  At all times material hereto, Cassin Insurance and Financial Services was a trade name of Cassin Insurance. In addition, at all times material hereto, D. Cassin was an authorized employee/agent of Cassin Insurance and Cassin Insurance was an authorized agent of OneBeacon.

## COUNT I – NEGLIGENCE

30.  At all times material hereto, D. Cassin, Cassin Insurance and OneBeacon owed a duty to MCCT to properly ascertain its insurance needs and to obtain for it insurance of a type and kind appropriate for MCCT's business and in accordance with MCCT's specific instructions.

31.  MCCT in 1998 made a specific request for insurance coverage for the installation of computer hardware and software.

32.  D. Cassin, Cassin Insurance and OneBeacon breached their duty of care to MCCT when they failed to obtain and maintain such insurance coverage for the installation of computer software and hardware equipment.

33.  As a direct result of the defendants' failure to fulfill their duty to MCCT, MCCT has become obligated to pay legal fees in excess of $100,000.00 and to pay a settlement of $70,000.00. In addition, MCCT has been barred from bidding on additional business because it is now unable to acquire the necessary insurance.

34. D. Cassin is liable for his specific failure to adequately advise MCCT of what he had done and to obtain the coverage for MCCT that he promised to place with OneBeacon.

35. Cassin Insurance is responsible for the actions of its authorized employee/agent D. Cassin.

36. OneBeacon is responsible for the actions of Cassin Insurance inasmuch as Cassin Insurance was an authorized agent of OneBeacon at all times material hereto.

## COUNT II – BREACH OF CONTRACT

37. The allegations of the preceding paragraphs are incorporated herein by reference.

38. The foregoing acts of D. Cassin, Cassin Insurance and OneBeacon constitute a breach of contract. MCCT specifically agreed with D. Cassin, employee/agent of Cassin Insurance, for the acquisition of insurance of a type and kind to protect MCCT from claims by its customers for improper installation and performance of computer software and hardware equipment. D. Cassin agreed that he would in fact obtain such coverage and represented to MCCT and its counsel in both New Hampshire and California that such insurance was in place with OneBeacon.

39. Cassin Insurance, as an authorized agent of OneBeacon, through its employee/agent, D. Cassin, promised to obtain the requested insurance for MCCT and represented to MCCT and its counsel in both New Hampshire and California that such insurance was in place.

40.     All of the defendants are liable for the failure to have insurance coverage for MCCT to cover it with respect to claims of the type and kind brought by Boulevard in Los Angeles Superior Court.

41.     MCCT has become obligated to pay in excess of $100,000.00 in legal fees and $70,000.00 in settlement costs as a direct result of the breach of contract described above. In addition, MCCT has lost the ability to bid on over $1 million worth of business because it cannot now obtain the requisite insurance coverage.

## COUNT III – FRAUD AND DECEIT

42.     The allegations in the preceding paragraphs are incorporated herein by reference.

43.     D. Cassin intentionally and deliberately made false statements to MCCT and MCCT's attorneys in New Hampshire and California. Specifically, he represented that he, on behalf of his insurance agency, had obtained coverage for MCCT of the type and kind to protect MCCT from the claims made in the California litigation. He further made representations regarding OneBeacon's authorization of the payment of legal fees and settlement contributions. All of the representations were false and D. Cassin knew they were false when he made them.

44.     D. Cassin made the false representations described above for the specific purpose of having MCCT and its counsel rely upon those representations.

45.     MCCT and its counsel relied upon those representations to their detriment. MCCT has become obligated to pay in excess of $100,000.00 in legal fees and

$70,000.00 of settlement contributions. In addition, MCCT has lost the ability to bid on over $1 million of additional work.

46. The actions of D. Cassin were carried out in the scope of his duties and within his responsibilities as an employee/agent of Cassin Insurance. In addition, his actions of behalf of Cassin Insurance, which was an authorized agent of One Beacon at all times relevant hereto, are chargeable to OneBeacon.

## COUNT IV – M.G.L.C. 93A

47. The allegations in the preceding paragraphs are incorporated herein by reference

48. The conduct of D. Cassin in lying to MCCT as to the nature and type of the insurance he had obtained for MCCT, forging letters and a check and lying to MCCT and its attorneys regarding insurance coverage for the Boulevard claim constitutes unfair and deceptive trade practices within the meaning of M.G.L.c. 93A:11.

49. D. Cassin made each and every one of his false representations in the normal course of his business as an employee/agent of Cassin Insurance. Cassin Insurance is likewise responsible for the actions of D. Cassin and the damages incurred by MCCT as a result of those frauds.

50. OneBeacon is liable hereunder to MCCT for the actions of its authorized agent Cassin Insurance.

WHEREFORE, MCCT prays this Court:

A.   Hold a jury trial on all claims herein eligible for trial by jury and a bench trial on all other issues;

B.   Find the defendants liable to MCCT for negligence, breach of contract, fraud and deceit and violation of M.G.L.c. 93A;

C.   Determine the damages suffered by MCCT as a result of the actions of the defendants described above and award said damages to MCCT;

D.   Where appropriate, double or treble said damages and/or award attorneys fees, costs and expenses incurred by MCCT herein; and

E.   Award such other and further relief as may be just.

Respectfully submitted,
MCCT, Inc.
By its attorney,

_____
Daniel A. Laufer, Esquire
B.B.O. 557633
21 Harbor View Avenue
Bristol, RI 02809
(401) 254-9659


CERTIFICATE OF SERVICE

I hereby certify that I mailed a of the foregoing Motion for Entry of Default Judgment Against Daniel Cassin Individually and for a Hearing to Assess Damages to Edwin F. Landers, Jr., Esquire, 250 Summer Street, Boston, MA 02110, J. Kenneth Griffin, Esquire, 477 Main Street, Stoneham, MA 02180 and Daniel Cassin, 300 O'Connnell Extension, Colchester, CT 06415, on the 15th day of March 2005 by first class U.S. Mail postage prepaid.

_____
Daniel A. Laufer