UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MCCT, Inc., <br>     Plaintiff, <br><br> v. <br><br> B.F. CASSIN INSURANCE AGENCY, INC., DANIEL CASSIN, Individually, and ONEBEACON AMERICA INSURANCE COMPANY f/k/a COMMERCIAL UNION INSURANCE COMPANY, <br>     Defendants. | CASE NO. 04-cv-12115-PBS |

**ONEBEACON AMERICA INSURANCE COMPANY'S ANSWER TO AMENDED COMPLAINT, CROSS-CLAIM AGAINST B.F. CASSIN INSURANCE AGENCY, INC. AND DEMAND FOR JURY TRIAL**

    1.    OneBeacon America Insurance Company (hereinafter "OneBeacon") admits the allegations contained in paragraph 1 of the Amended Complaint and avers, on information and belief, that MCCT, Inc. is not in good standing as a New Hampshire corporation.

    2.    OneBeacon admits the allegations contained in paragraph 2 of the Amended Complaint.

    3.    OneBeacon admits that Daniel Cassin is or was a resident of the State of Connecticut with a business address at 998 Farmington Avenue, Suite 118-L, West Hartford, Connecticut but is without sufficient knowledge to either admit or deny the

other allegations contained in paragraph 3 of the Amended Complaint.

4.  OneBeacon admits the allegations contained in paragraph 4 of the Amended Complaint.

5.  OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 5 of the Amended Complaint and avers that OneBeacon, for the purpose of diversity of citizenship, may be a citizen of New Hampshire pursuant to 28 U.S.C.A. § 1332(c)(1).

6.  OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6 of the Amended Complaint and avers that any insurance policy issued by OneBeacon to MCCT, Inc. was issued in New Hampshire.

7.  No answer is required by this answering defendant as the demand made in paragraph 7 of the Amended Complaint speaks for itself.

8.  OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 8 of the Amended Complaint.

9.  OneBeacon denies that it issued a comprehensive general liability policy to MCCT, Inc. at any time during 1998, is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 9 of the Amended Complaint and avers that a Commercial Combination Policy (Property, General Liability and Inland Marine) was issued by American Employers Insurance Company, policy number ABK560182, effective from February 24, 1998 to February 24, 1999 to Edwin Macomber d/b/a Macomber Communications & Computer Technology.

10.    OneBeacon admits that MCCT, Inc. was, at some time currently unknown to OneBeacon, sued by Legacy Creative Ventures for a loss that was claimed to have occurred on April 21, 1998 and that ultimately at a time thereafter currently unknown to OneBeacon, American Employers Insurance Company paid $37,426.75 on account of such claim.   OneBeacon is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 10 of the Amended Complaint.

11.    OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 11 of the Amended Complaint.

12.    OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 12 of the Amended Complaint.

13.    OneBeacon denies the allegations contained in paragraph 13 of the Amended Complaint.

14.    OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 14 of the Amended Complaint.

15.    OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 15 of the Amended Complaint.

16.    OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 16 of the Amended Complaint.

17.    OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 17 of the Amended Complaint.

18.    OneBeacon admits that on or about September 25, 2002 Boulevard filed

suit against MCCT, Inc. in the Los Angeles Superior Court of the State of California and is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 18 of the Amended Complaint.

19. OneBeacon admits that Daniel Cassin sent to MCCT, Inc.'s New Hampshire Counsel a facsimile transmission attaching a forged letter dated October 17, 2002 purportedly signed by William A. Beach identified in the letter as Senior Claim Representative at "One Beacon Insurance," is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 19 of the Amended Complaint and says that no answer is required by this answering defendant to the allegations of the content of the letter as the document referred to in paragraph 19 of the Amended Complaint speaks for itself.

20. OneBeacon admits that the document referred to was a forgery created by Daniel Cassin, denies the existence of the person who purportedly signed the document and is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 20 of the Amended Complaint.

21. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 21 of the Amended Complaint.

22. OneBeacon admits that on or about May 22, 2003 Daniel Cassin sent a letter to Benjamin A. Nix that was prepared by Daniel Cassin on letterhead created by Daniel Cassin, that Daniel Cassin signed as James L. Compton, says that no answer is required by this answering defendant to the allegations of the content of the letter as

the document referred to in paragraph 22 of the Amended Complaint speaks for itself and is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 22 of the Amended Complaint.

23.     OneBeacon admits that on or about May 30, 2003 Daniel Cassin sent a letter to Benjamin A. Nix that was prepared by Daniel Cassin on letterhead created by Daniel Cassin, that Daniel Cassin signed as James L. Compton, says that no answer is required by this answering defendant to the allegations of the content of the letter as the document referred to in paragraph 23 of the Amended Complaint speaks for itself and is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 23 of the Amended Complaint.

24.     OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 24 of the Amended Complaint.

25.     OneBeacon admits the allegations contained in paragraph 25 of the Amended Complaint.

26.     OneBeacon admits the allegations contained in paragraph 26 of the Amended Complaint.

27.     OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 27 of the Amended Complaint.

28.     OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 28 of the Amended Complaint.

29.    OneBeacon admits that at all times material to the allegations of the plaintiff, there existed one or more written Agency Agreements which, subject to the terms and conditions of the Agreements, permitted B.F. Cassin Insurance Agency, Inc. to act as an agent for defined types of commercial insurance policies and coverage for businesses located in Massachusetts for various insurance companies including Commercial Union Insurance, denies that B.F. Cassin Insurance Agency, Inc. was an agent for OneBeacon for insurance policies issued in New Hampshire to New Hampshire businesses and is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 29 of the Amended Complaint.

## COUNT I

30.    OneBeacon denies the allegations contained in paragraph 30 of the Amended Complaint to the extent it alleges that OneBeacon owed a duty to MCCT. OneBeacon is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 30 of the Amended Complaint.

31.    OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 31 of the Amended Complaint.

32.    OneBeacon denies the allegations contained in paragraph 32 of the Amended Complaint to the extent it alleges that OneBeacon breached a duty owed to MCCT. OneBeacon is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 32 of the Amended Complaint.

33.    OneBeacon denies the allegations contained in paragraph 33 of the

Amended Complaint.

34. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 34 of the Amended Complaint.

35. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 35 of the Amended Complaint.

36. OneBeacon denies the allegations contained in paragraph 36 of the Amended Complaint.

## **COUNT II**

37. OneBeacon repeats and incorporates by reference herein its answers to paragraphs 1 through 36 of the Amended Complaint.

38. OneBeacon denies the allegations contained in paragraph 38 of the Amended Complaint to the extent it alleges that OneBeacon breached any contract with MCCT. OneBeacon is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 38 of the Amended Complaint.

39. OneBeacon denies the allegations contained in paragraph 39 of the Amended Complaint.

40. OneBeacon denies the allegations contained in paragraph 40 of the Amended Complaint.

41. OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 41 of the Amended Complaint.

## COUNT III

42.  OneBeacon repeats and incorporates by reference herein its answers to paragraphs 1 through 41 of the Amended Complaint.

43.  OneBeacon is without sufficient knowledge to either admit or deny the allegation that Daniel Cassin represented that he had obtained coverage for MCCT, Inc. of the type and kind to protect MCCT, Inc. from the claims made in the California litigation and admits all other allegations contained in paragraph 43 of the Amended Complaint.

44.  OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 44 of the Amended Complaint.

45.  OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 45 of the Amended Complaint.

46.  OneBeacon denies the allegations contained in paragraph 46 of the Amended Complaint to the extent it alleges that in doing the acts complained of, Cassin Insurance was an agent of OneBeacon and that the actions or failure to act of D. Cassin or Cassin Insurance are chargeable to OneBeacon. OneBeacon is without sufficient knowledge to either admit or deny the further allegations contained in paragraph 46 of the Amended Complaint.

## COUNT IV

47.  OneBeacon repeats and incorporates by reference herein its answers to paragraphs 1 through 46 of the Amended Complaint.

48.     OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 48 of the Amended Complaint.

49.     OneBeacon is without sufficient knowledge to either admit or deny the allegations contained in paragraph 49 of the Amended Complaint.

50.     OneBeacon denies the allegations contained in paragraph 50 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on behalf of the plaintiff against OneBeacon upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The injury or damage complained of on behalf of the plaintiff against OneBeacon was caused in whole or in part or was contributed to by the negligence, act or failure to act of the plaintiff and such negligence, act or failure to act is a bar to plaintiff's recovery as it exceeded any negligence, act or failure to act on the part of OneBeacon or the plaintiff's claimed damage must be reduced, all as is provided by G.L. c. 231, Section 85.

## THIRD AFFIRMATIVE DEFENSE

The injury or damage complained of on behalf of the plaintiff against OneBeacon was caused in whole or in part by the negligence, act or failure to act of some other person for whose conduct OneBeacon was not and is not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

Any claim of the plaintiff against OneBeacon is barred by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Any transactions involving the plaintiff as alleged in the Amended Complaint which allegedly caused plaintiff's damages are exempted from the provisions of G.L. c. 93A, §11 because they did not occur primarily in Massachusetts.

### SIXTH AFFIRMATIVE DEFENSE

The action of the plaintiff is barred or the plaintiff's damages must be reduced as a result of the plaintiff's failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Any pre-judgment and/or post-judgment interest which may be awarded plaintiff imposes upon OneBeacon cruel and unusual punishment, deprives OneBeacon of its property without due process of law, and violates OneBeacon's right to equal protection of law in violation of the Constitutions of the United States and the Commonwealth of Massachusetts to the extent the rate of interest unreasonably penalizes OneBeacon for exercising its right to pursue legal appeals.

### EIGHTH AFFIRMATIVE DEFENSE

In doing or omitting to do the acts complained of by the plaintiff, Daniel Cassin and B.F. Cassin Insurance Agency, Inc. were the agents of the plaintiff and not agents of OneBeacon.

**NINTH AFFIRMATIVE DEFENSE**

This action should be dismissed as the plaintiff lacks the capacity to sue because it is not in good standing as a corporation in New Hampshire.

WHEREFORE, OneBeacon demands that the Amended Complaint be dismissed as to OneBeacon with costs.

**CROSS-CLAIM AGAINST B.F. CASSIN INSURANCE Agency, Inc.**

1.    B.F. Cassin Insurance Agency, Inc. is an existing Massachusetts corporation with its principal place of business at 75 Broad Street, Westfield, Massachusetts.

2.    OneBeacon America Insurance Company (hereinafter "OneBeacon") is an existing Massachusetts corporation with its principal place of business at One Beacon Street, Boston, Massachusetts.

3.    At all material times for valid consideration there existed by and between B.F. Cassin Insurance Agency, Inc. and OneBeacon, Agency Agreements, the terms and conditions of each obligated B.F. Cassin Insurance Agency, Inc. to indemnify and hold OneBeacon harmless against all civil liability including attorney's fees and costs arising as a direct result of Agent error or omission in the preparation, processing or handling of business placed by the Agent with OneBeacon or as a direct result of any other action or inaction of the Agent.

4.    The plaintiff has alleged in its Amended Complaint that OneBeacon is liable to the plaintiff for the acts or failures to act of B.F. Cassin Insurance Agency, Inc.

and for the acts or failure to act of B.F. Cassin Insurance Agency, Inc.'s agent or employee, Daniel Cassin.

5. Daniel Cassin at all material times in doing or failing to do the acts or failures to act as alleged in the plaintiff's Amended Complaint, was an agent or employee of B.F. Cassin Insurance Agency, Inc. acting within the scope of his employment by B.F. Cassin Insurance Agency, Inc. or within the scope of his actual or apparent authority as agent of B.F. Cassin Insurance Agency, Inc.

## COUNT I - EXPRESS INDEMNITY

6. OneBeacon repeats and realleges the allegations contained in paragraphs 1 through 5 of its Cross-Claim and incorporates those allegations herein by reference.

7. The action brought by the plaintiff against OneBeacon arises from B.F. Cassin Insurance Agency, Inc.'s and/or its agent or employee, Daniel Cassin's error, omission or other action or inaction thereby obligating B.F. Cassin Insurance Agency, Inc. to indemnify and hold OneBeacon harmless for all attorney's fees and costs incurred by OneBeacon in defending itself in this action.

8. The action brought by the plaintiff against OneBeacon arises from B.F. Cassin Insurance Agency, Inc.'s and/or its agent or employee, Daniel Cassin's error, omission or other action or inaction thereby obligating B.F. Cassin Insurance Agency, Inc. to indemnify and hold OneBeacon harmless for any award plaintiff may recover in this action against OneBeacon should plaintiff recover an award against OneBeacon.

## COUNT II - COMMON LAW INDEMNITY

9.  OneBeacon repeats and realleges the allegations contained in paragraphs 1 through 5 of its Cross-Claim and incorporates those allegations herein by reference.

10. The damages alleged by the plaintiff in the Amended Complaint, if any, were caused in full or in overwhelming part by the negligence, acts or failures to act of B.F. Cassin Insurance Agency, Inc. and/or its agent or employee, Daniel Cassin.

11. No action or inaction of OneBeacon caused any damage to the plaintiff and any liability of OneBeacon to the plaintiff is purely based upon the wrongful acts or failures of B.F. Cassin Insurance Agency, Inc. and/or its agent or employee, Daniel Cassin.

12. OneBeacon has incurred, and will continue to incur, substantial costs, losses, liabilities, expenses and attorneys' fees in connection with the defense of the plaintiff's action.

13. OneBeacon may become subject to further liabilities, costs, losses, expenses and attorneys' fees in connection with the plaintiff's action.

14. OneBeacon is entitled to common law indemnity from B.F. Cassin Insurance Agency, Inc. for all costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense of the plaintiff's action.

## COUNT III - CONTRIBUTION

15. OneBeacon repeats and realleges the allegations contained in paragraphs 1 through 13 of its Cross-Claim and incorporates those allegations herein by reference.

16.    If is should be determined that the plaintiff suffered injury and damage as a result of the negligence of OneBeacon, OneBeacon says that said injury and damage to the plaintiff was caused by the concurrent negligence of B.F. Cassin Insurance Agency, Inc. and/or its agent or employee, Daniel Cassin entitling OneBeacon to contribution by reason of the provisions of General Law Chapter 231B should OneBeacon pay more than its pro rata share of any judgment for the plaintiff.

WHEREFORE, OneBeacon demands judgment against B.F. Cassin Insurance Agency, Inc. as provided by law, with costs and interest.

OneBeacon DEMANDS A TRIAL BY JURY.

OneBeacon<br>
by its attorneys,<br>
GRIFFIN & GOULKA<br>
<br>
J. Kenneth Griffin<br>
477 Main Street<br>
Stoneham, MA 02180<br>
(781) 279-9858<br>
BBO # 211560

### CERTIFICATE OF SERVICE

I, J. Kenneth Griffin, hereby certify that a true copy of this document was served upon the attorney of record for each party by first-class mail, postage prepaid, on March 28, 2005, as follows:

Daniel A. Laufer, Esquire
21 Harbor View Avenue
Bristol, Rhode Island 02809

Edgar D. McKean, Esquire
P.O. Box 7386
Gilford, New Hampshire 03247-7386

Edwin F. Landers, Jr., Esquire
Scott A. Bell, Esquire
MORRISON MAHONEY LLP
250 Summer Street
Boston, Massachusetts 02210

    I, J. Kenneth Griffin, hereby certify that a true copy of this document was served upon Daniel Cassin by first-class mail, postage prepaid, on March 28, 2005, as follows:

Daniel Cassin
998 Farmington Avenue, Suite 118-L
West Hartford, Connecticut 06107

                                                                       J. Kenneth Griffin