UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MCCT, INC.,<br>　　　Plaintiff<br><br>v.<br><br>B.F. CASSIN INSURANCE AGENCY,<br>INC., DANIEL CASSIN,<br>INDIVIDUALLY, and ONEBEACON<br>AMERICA INSURANCE COMPANY<br>f/k/a COMMERCIAL UNION<br>INSURANCE COMPANY,<br>　　　Defendants | )<br>)<br>)<br>)<br>)　　DOCKET NO: 04CV12115PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND JURY TRIAL DEMAND OF
DEFENDANT, B.F. CASSIN INSURANCE AGENCY, INC.,
TO PLAINTIFF'S AMENDED COMPLAINT**

FIRST DEFENSE

The plaintiff's Amended Complaint fails to state claims against B.F. Cassin Insurance Agency, Inc. ("B.F. Cassin") upon which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

SECOND DEFENSE

B.F. Cassin hereby responds to the separately-numbered paragraphs of plaintiff's Amended Complaint as follows:

Parties

1.　　B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph as it relates to MCCT being

a New Hampshire corporation. B.F. Cassin admits that the address set forth in this paragraph is a mailing address for MCCT.

2. B.F. Cassin admits that it is a Massachusetts corporation, but states that its principal place of business presently is 104 Elm Street, Westfield, Massachusetts.

3. B.F. Cassin admits that Daniel Cassin ("D. Cassin") is or was a resident of the State of Connecticut with a business address at 998 Farmington Avenue, Suite 118-L, West Hartford, Connecticut. B.F. Cassin objects to the terminology "employee/agent" as alleged in the second sentence of this paragraph insofar as such terminology is vague, ambiguous, overly broad, and calls for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin states that D. Cassin was an independent contractor of B.F. Cassin, and that MCCT dealt directly and primarily exclusively with D. Cassin relative to MCCT's obtaining insurance coverage.

4. Upon information and belief, B.F. Cassin admits the allegations set forth in this paragraph.

## Jurisdiction and Venue

5. The allegations in this paragraph call for a conclusion of law and, as such, no response is required.

6. The allegations in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin admits that it was and still is a Massachusetts corporation with a principal place of business in Massachusetts, is without knowledge or information sufficient to form a belief as to the truth of the allegations relative to MCCT and OneBeacon, admits

only that D. Cassin is or was a resident of the State of Connecticut, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

### Demand for Trial by Jury

7. This paragraph does not allege facts, but rather sets forth plaintiff's demand for a jury trial and, as such, no response is required.

### Factual Allegations

8. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph relating to MCCT's corporate structure. On information and belief, B.F. Cassin admits that MCCT is engaged in the business of supplying computer software and hardware for telephone switching services. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of this paragraph relating to the date of MCCT's inception. B.F. Cassin admits only that in or about 1998 to 2003, MCCT obtained certain insurance coverage by dealing directly and primarily exclusively with and through D. Cassin, who was an independent contractor of B.F. Cassin Insurance Agency, Inc., but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the second sentence of this paragraph. As to the third sentence of this paragraph, B.F. Cassin objects to the terminology "authorized employee/agent" as alleged insofar as such terminology is vague, ambiguous, overly broad, and calls for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin

admits only that D. Cassin was an independent contractor of B.F. Cassin Insurance Agency, Inc., and that MCCT dealt directly and primarily exclusively with Daniel Cassin relative to MCCT's obtaining insurance coverage. B.F. Cassin denies that it was and is responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Amended Complaint.

9. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence in this paragraph. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence in this paragraph as to what MCCT relied upon. In further answering, B.F. Cassin states that MCCT communicated with D. Cassin directly and exclusively as to the types of coverages that were available and/or that it desired. B.F. Cassin denies that it held itself out as an expert, and denies having personal knowledge as to what D. Cassin may have told MCCT as to his own "expertise" and "advice."

10. On information and belief, B.F. Cassin admits the allegations contained in the first sentence of this paragraph. As to the second sentence in this paragraph, the lawsuit is a document which speaks for itself and, as such, no response is required. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

11. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

12. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

960985v1

13. B.F. Cassin is of the belief that Commercial Union did not issue an errors and omission policy to MCCT for a period of at least one year and, therefore, did not discontinue such a policy after the first year, but is without knowledge or information sufficient enough to form a firm belief as to the truth of the allegations set forth in this paragraph.

14. B.F. Cassin denies the allegations set forth in this paragraph insofar as B.F. Cassin was never asked or instructed by MCCT or D. Cassin to secure errors and omissions insurance coverage for MCCT. MCCT communicated with D. Cassin directly and exclusively as to the types of coverages that were available and/or that it desired.

15. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

16. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

17. B.F. Cassin denies the allegations set forth in this paragraph insofar as any such correspondence, if sent, were sent directly to D. Cassin.

18. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and third sentences in this paragraph. B..F Cassin denies the allegations set forth in the second sentence of this paragraph insofar as any such pleading and request for instructions, if sent, were sent directly to D. Cassin.

19. The October 25, 2002 facsimile transmission and enclosed letter are written instruments which speak for themselves and, as such, no response is required. To

the extent a response is deemed required, B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

20. The allegations set forth in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

21. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

22. The May 22, 2003 letter is a written instrument which speaks for itself and, as such, no response is required. Moreover, whether the letter is a forgery calls for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

23. The May 30, 2003 letter is a written instrument which speaks for itself and, as such, no response is required. Moreover, whether the letter is a forgery calls for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

24. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph

25. The photocopied check is a written instrument which speaks for itself and, as such, no response is required. Moreover, whether the check is a forgery calls for a

960985v1

conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

26. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

27. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

28. B.F. Cassin denies the allegations set forth in this paragraph.

29. B.F. Cassin admits the allegations set forth in the first sentence of this paragraph. As to the second sentence of this paragraph, B.F. Cassin objects to the terminology "authorized employee/agent" as alleged insofar as such terminology is vague, ambiguous, overly broad, and calls for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin states only that D. Cassin was an independent contractor of B.F. Cassin, and that MCCT dealt directly and primarily exclusively with D. Cassin relative to MCCT's obtaining insurance coverage. B.F. Cassin admits that there existed one or more agency agreements relative to its relationship with OneBeacon and/or its predecessor, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

## COUNT ONE - NEGLIGENCE

30. The allegations in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin states that it was never asked or instructed by MCCT or D. Cassin to secure errors

and omissions insurance coverage for MCCT. MCCT communicated with D. Cassin directly and exclusively as to the types of coverages that were available and/or that it desired.

31. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

32. The allegations in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin denies the allegations set forth in this paragraph concerning B.F. Cassin, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

33. B.F. Cassin denies the allegations set forth in this paragraph.

34. The allegations in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin denies that it was and is responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Amended Complaint.

35. The allegations in this paragraph call for a conclusion of law and, as such, no response is required. Further, B.F. Cassin objects to the terminology "authorized employee/agent" as alleged insofar as such terminology is vague, ambiguous, overly broad, and also calls for a conclusion of law. To the extent a response is deemed required, B.F. Cassin denies that it was and is responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Amended Complaint.

36. The allegations in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin admits that there existed one or more agency agreements relative to its relationship with OneBeacon and/or its predecessor, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

WHEREFORE, B.F. Cassin respectfully requests that this Court enter judgment in favor of B.F. Cassin on Count I of the plaintiff's Amended Complaint, and award B.F. Cassin its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

## COUNT II – BREACH OF CONTRACT

37. B.F. Cassin repeats and realleges its responses to the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38. The allegations in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin denies that it was and is responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Amended Complaint.

39. B.F. Cassin denies the allegations set forth in this paragraph.

40. B.F. Cassin denies the allegations set forth in this paragraph.

41. B.F. Cassin denies the allegations set forth in this paragraph.

WHEREFORE, B.F. Cassin respectfully requests that this Court enter judgment in favor of B.F. Cassin on Count II of the plaintiff's Amended Complaint, and award B.F.

Cassin its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

## COUNT III – FRAUD AND DECEIT

42. B.F. Cassin repeats and realleges its responses to the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43. The allegations in this paragraph are directed to D. Cassin and otherwise call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin denies that it was and is responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Amended Complaint.

44. The allegations in this paragraph are directed to D. Cassin and otherwise call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin denies that it was and is responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Amended Complaint.

45. The allegations in this paragraph are directed to D. Cassin and otherwise call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin denies that it was and is responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Amended Complaint.

46. The allegations in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin states only that D. Cassin was an independent contractor of B.F. Cassin, and that

MCCT dealt directly and primarily exclusively with D. Cassin relative to MCCT's obtaining insurance coverage, and B.F. Cassin denies that it was and is responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Amended Complaint. Further, B.F. Cassin admits that there existed one or more agency agreements relative to its relationship with OneBeacon and/or its predecessor, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

WHEREFORE, B.F. Cassin respectfully requests that this Court enter judgment in favor of B.F. Cassin on Count III of the plaintiff's Amended Complaint, and award B.F. Cassin its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

## COUNT IV – M.G.L. c. 93A

47. B.F. Cassin repeats and realleges its responses to the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

48. The allegations in this paragraph are directed to D. Cassin and otherwise call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin denies that it was and is responsible for any actions of D. Cassin which led to the damages alleged in the plaintiff's Amended Complaint.

49. The allegations in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin denies the allegations set forth in this paragraph.

50.    The allegations in this paragraph are directed to OneBeacon and otherwise call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin denies that it was and is responsible for the damages alleged in the plaintiff's Amended Complaint.

WHEREFORE, B.F. Cassin respectfully requests that this Court enter judgment in favor of B.F. Cassin on Count III of the plaintiff's Amended Complaint, and award B.F. Cassin its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

### THIRD DEFENSE

The negligence of the plaintiff was greater than the alleged negligence of B.F. Cassin and such negligence of the plaintiff contributed to its alleged damages and, therefore, the plaintiff is barred from recovery under M.G.L. c. 231, §85.

### FOURTH DEFENSE

The plaintiff was guilty of contributory negligence and the damages, if any, recovered by the plaintiff from B.F. Cassin should be reduced in proportion to the said negligence of plaintiff in accordance with M.G.L. c. 231, §85.

### FIFTH DEFENSE

The plaintiff, by its own conduct and actions, is estopped to recover any judgment against B.F. Cassin.

### SIXTH DEFENSE

The plaintiff, by its own conduct and actions, has waived any and all rights it may have had against B.F. Cassin, and, therefore, the plaintiff cannot recover in this action.

960985v1

SEVENTH DEFENSE

If the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct B.F. Cassin was not and is not legally responsible.

EIGHTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

TENTH DEFENSE

The plaintiff's claims fail because no act or omission by B.F. Cassin was a proximate cause of any damages allegedly sustained by the plaintiff.

ELEVENTH DEFENSE

The plaintiff cannot recover in this action because it ratified and confirmed in all respects B.F. Cassin's actions and conduct.

TWELFTH DEFENSE

The plaintiff cannot recover in this action because any duties B.F. Cassin owed to the plaintiff were performed fully and properly.

THIRTEENTH DEFENSE

The plaintiff is not entitled to recovery against B.F. Cassin under M.G.L. c.93A, and thus the plaintiff's Amended Complaint should be dismissed.

FOURTEENTH DEFENSE

The plaintiff is barred from recovery, or any alleged damages must be reduced, on account of plaintiff's failure to mitigate its alleged damages.

13

960985v1

WHEREFORE, B.F. Cassin respectfully requests that this Court enter judgment in favor of B.F. Cassin on all Counts of the plaintiff's Amended Complaint, and award B.F. Cassin its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

JURY TRIAL DEMAND

B.F. Cassin Insurance Agency, Inc., demands a trial by jury as to all issues to which it is entitled as a matter of right.

Respectfully submitted by,

B.F. CASSIN INSURANCE AGENCY, INC.,
By its Attorneys,


/s/elanders
Edwin F. Landers, Jr., BBO#559360
Scott A. Bell, BBO#628944
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

960985v1