UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MCCT, INC., <br>     Plaintiff <br><br> v. <br><br> B.F. CASSIN INSURANCE AGENCY, INC., DANIEL CASSIN, INDIVIDUALLY, and ONEBEACON AMERICA INSURANCE COMPANY f/k/a COMMERCIAL UNION INSURANCE COMPANY, <br>     Defendants | DOCKET NO: 04CV12115PBS |

**ANSWER OF DEFENDANT, B.F. CASSIN INSURANCE AGENCY, INC., TO ONEBEACON AMERICA INSURANCE COMPANY'S CROSS-CLAIM**

FIRST DEFENSE

The Cross-Claims of OneBeacon America Insurance Company ("OneBeacon") fail to state claims against B.F. Cassin Insurance Agency, Inc. ("B.F. Cassin") upon which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

SECOND DEFENSE

B.F. Cassin hereby responds to the separately-numbered paragraphs of the Cross-Claims as follows:

1. B.F. Cassin admits it is a Massachusetts corporation, but states that its principal place of business presently is 104 Elm Street, Westfield, Massachusetts.

2. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

3.  The allegations in this paragraph call for a conclusion of law and, as such no response is required. To the extent a response is deemed required, B.F. Cassin admits that certain agency agreements existed by and between B.F. Cassin and OneBeacon or its predecessor, but states that any such agreements, including their terms and conditions, are written documents which speak for themselves and, as such, no further response is required. B.F. Cassin denies that it has a duty to indemnify and hold OneBeacon harmless relative to the New Hampshire policy issued to MCCT by some company other than B.F. Cassin.

4.  The plaintiff's Amended Complaint is a written document which speaks for itself and, as such no response is required. B.F. Cassin further objects to the terminology "agent or employee" as alleged relative to Daniel Cassin ("D. Cassin") insofar as such terminology is vague, ambiguous, overly broad, and calls for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin denies that it is liable to the plaintiff, and further denies that it was and is responsible for any actions of D. Cassin, an independent contractor, which led to the damages alleged in the plaintiff's Amended Complaint.

5.  The allegations in this paragraph call for a conclusion of law and, as such no response is required. B.F. Cassin further objects to the terminology "agent or employee" as alleged relative to D. Cassin insofar as such terminology is vague, ambiguous, overly broad, and calls for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, B.F. Cassin denies that it is liable to the plaintiff, and further denies that it was and is

960988v1

responsible for any actions of D. Cassin, an independent contractor, with whom MCCT dealt directly and primarily exclusively relative to MCCT's insurance coverage.

Count I – Express Indemnity

6. B.F. Cassin repeats and realleges its responses to the allegations contained in paragraphs 1 through 5 of the Cross-Claim as if fully set forth herein.

7. The plaintiff's Amended Complaint is a written document which speaks for itself and, as such no response is required. Moreover, the allegations in this paragraph call for a conclusion of law and, as such no response is required. To the extent a response is deemed required, B.F. Cassin denies that it is liable to the plaintiff, denies that it was and is responsible for any actions of D. Cassin, an independent contractor, and denies that it has a duty to indemnify and hold OneBeacon harmless relative to the New Hampshire policy issued to MCCT by some company other than B.F. Cassin.

8. The plaintiff's Amended Complaint is a written document which speaks for itself and, as such no response is required. Moreover, the allegations in this paragraph call for a conclusion of law and, as such no response is required. To the extent a response is deemed required, B.F. Cassin denies that it is liable to the plaintiff, denies that it was and is responsible for any actions of D. Cassin, an independent contractor, and denies that it has a duty to indemnify and hold OneBeacon harmless relative to the New Hampshire policy issued to MCCT by some company other than B.F. Cassin.

960988v1

WHEREFORE, B.F. Cassin respectfully requests that this Court enter judgment in favor of B.F. Cassin on Count I of OneBeacon's Cross-Claims, and award B.F. Cassin its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

<u>Count II – Common Law Indemnity</u>

9. B.F. Cassin repeats and realleges its responses to the allegations contained in paragraphs 1 through 8 of the Cross-Claims as if fully set forth herein.

10. The allegations in this paragraph call for a conclusion of law and, as such no response is required. To the extent a response is deemed required, B.F. Cassin denies the allegations set forth in this paragraph.

11. The allegations in this paragraph call for a conclusion of law and, as such no response is required. To the extent a response is deemed required, B.F. Cassin denies the allegations set forth in this paragraph.

12. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

13. B.F. Cassin is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

14. The allegations in this paragraph call for a conclusion of law and, as such no response is required. To the extent a response is deemed required, B.F. Cassin denies the allegations set forth in this paragraph.

WHEREFORE, B.F. Cassin respectfully requests that this Court enter judgment in favor of B.F. Cassin on Count II of OneBeacon's Cross-Claims, and award B.F. Cassin its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

960988v1

Count III - Contribution

15. B.F. Cassin repeats and realleges its responses to the allegations contained in paragraphs 1 through 14 of the Cross-Claims as if fully set forth herein.

16. The allegations in this paragraph call for a conclusion of law and, as such no response is required. To the extent a response is deemed required, B.F. Cassin denies the allegations set forth in this paragraph.

WHEREFORE, B.F. Cassin respectfully requests that this Court enter judgment in favor of B.F. Cassin on Count III of OneBeacon's Cross-Claims, and award B.F. Cassin its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

THIRD DEFENSE

The negligence of the plaintiff was greater than the alleged negligence of the defendants and such negligence of the plaintiff contributed to its alleged damages and, therefore, pursuant to the principles of M.G.L. c. 231, §85, OneBeacon cannot recover from B.F. Cassin.

FOURTH DEFENSE

OneBeacon, by its own conduct and actions, is estopped to recover any judgment against B.F. Cassin.

FIFTH DEFENSE

OneBeacon, by its own conduct and actions, has waived any and all rights it may have had against B. F. Cassin, and, therefore, cannot recover in this action.

## SIXTH DEFENSE

If the plaintiff or OneBeacon suffered damages, as alleged, such damages were caused by someone for whose conduct B.F. Cassin was not and is not legally responsible.

## SEVENTH DEFENSE

Recovery is barred by the applicable statute of limitations.

## EIGHTH DEFENSE

Recovery is barred by the doctrine of laches.

## NINTH DEFENSE

OneBeacon's Cross-Claims fail because no act or omission by B. F. Cassin was a proximate cause of any damages allegedly sustained by the plaintiff or OneBeacon.

## TENTH DEFENSE

OneBeacon cannot recover in this action because either it or the plaintiff ratified and confirmed in all respects B.F. Cassin's actions and conduct.

## ELEVENTH DEFENSE

OneBeacon cannot recover in this action because any duties B.F. Cassin owed to OneBeacon or the plaintiff were performed fully and properly.

## TWELFTH DEFENSE

OneBeacon cannot recover in this action because B.F. Cassin does not owe OneBeacon a duty to indemnify it and hold it harmless relative to a New Hampshire policy issued to MCCT by some company other than B.F. Cassin.

960988v1

WHEREFORE, B.F. Cassin respectfully requests that this Court enter judgment in favor of B.F. Cassin on all counts of OneBeacon's Cross-Claims, and award B.F. Cassin its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

## JURY TRIAL DEMAND

B.F. Cassin Insurance Agency, Inc. demands a trial by jury as to all issues to which it is entitled as a matter of right.

Respectfully submitted by,

B.F. CASSIN INSURANCE AGENCY, INC.,
By its Attorneys,


/s/elanders
Edwin F. Landers, Jr., BBO#559360
Scott A. Bell, BBO#628944
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500